# L. M. FARNAM v. GUY LILLY.[1]

January 7, 1921.

No. 22,071.

**Explosive.**

Action for damages caused by the destruction of plaintiff's clothing, jewelry and money, charging defendant with negligence in delivering to plaintiff gasolene or a mixture of gasolene and kerosene, instead of kerosene which she purchased. Little evidence to support a finding that there was gasolene in the can. Court's finding was in favor of plaintiff. *Held:* The order of the trial court denying a new trial was affirmed, because the supreme court could not say there was no evidence to support the finding. [Reporter.]

Action in the municipal court of Minneapolis to recover $250 for destruction of personal effects. The case was tried before C. L. Smith, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Axel A. Eberhart,* for appellant.

*Henry M. Farnam,* for respondent.

PER CURIAM.

This was an action for damages caused by a fire which destroyed clothing, jewelry and money belonging to the plaintiff.

The complaint charged defendant with negligence in delivering to plaintiff gasolene, or a mixture of gasolene and kerosene, instead of kerosene which she purchased from him. The oil was delivered in a red can. The contents of the can were poured by defendant into the tank of an oil stove in a summer cottage at Lake Minnetonka, which plaintiff and a number of high school girls were to occupy over a week end. When the stove was lighted it did not burn properly. Plaintiff left it burning and went out on the lake in a boat with her companions. A short time thereafter they observed a burst of flame in that part of the cottage where the stove was placed. Plaintiff's personal effects, which she had left in the cottage, were destroyed before she could get back to the shore of the lake.

An expert witness testified that kerosene does not explode when afire and that gasolene vaporizes when exposed to the air and forms a highly explosive gas. He was of the opinion that there must have been some gasolene in the tank of the oil stove, which leaked out and vaporized to such an

1Reported in 180 N. W. 775.

extent as to cause a burst of flame when the gas generated was ignited by the flame of the burner of the stove.

On the other hand, defendant testified that the can in which he delivered the oil was one kept in his own house to fill his own oil stove; that, though it was a red can, he never used it for gasolene; that he had a barrel of kerosene from which he filled the can, and that on the occasion in question he filled it as usual from the barrel and then poured the contents of the can into the tank of the oil stove in the cottage occupied by plaintiff. He kept an automobile, but testified that he had no gasolene on his premises except that which was in the tank of his car.

There is little evidence to support a finding that there was gasolene in the can from which the tank of the oil stove was filled. We would have been better satisfied if the findings had been in defendant's favor, but we cannot say there is no evidence reasonably tending to support them. That is the only question raised by the assignments of error, and therefore the order denying a new trial is affirmed.